UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS & SHERIE DONNACHIE | Case Number: |
| Plaintiffs | CIVIL COMPLAINT |
| vs. | |
| FIRST ASSET RECOVERY GROUP, LLC | JURY TRIAL DEMANDED |
| Defendant | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiffs, Douglas & Sherie Donnachie by and through their undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP complaining of Defendant and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiffs, Douglas & Sherie Donnachie, are adult natural persons and bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this district is proper in that Plaintiffs reside here.

### III.  PARTIES

4. Plaintiffs, Douglas & Sherie Donnachie, are adult natural persons residing at 280 South 23rd Street, Lebanon, PA 17042. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, First Asset Recovery Group, LLC at all times relevant hereto, is a limited liability company engaged in the business of collecting debt in the Commonwealth of Pennsylvania, with a primary place of business located at 84 Sweeney Street, North Tonawanda, NY 14120.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7. On or around April 19, 2011 Plaintiffs began receiving harassing phone calls from Defendant regarding an alleged outstanding payday loan debt with Cash Central.

8. Plaintiffs have no knowledge of any outstanding debt owed to Cash Central.

9. Plaintiffs have received daily phone calls from Defendant, and Defendant has also contacted the father of Plaintiff, Sherie Donnachie on three (3) separate occasions.

10. On April 19, 2011 Plaintiff, Douglas Donnachie spoke with a female agent of Defendant during a call placed to the home of Plaintiffs, and asked for Defendant to mail some sort of written correspondence confirming the unpaid debt.

11. Plaintiff, Douglas Donnachie was then told by the agent of Defendant that if the debt went unpaid, "We will hire a lawyer in your state to come after you."

12. On or about April 20, 2011 Defendant placed a call to the employer of Plaintiff, Sherie Donnachie and disclosed that the call was in regard to an outstanding debt.

13. During a second call with Defendant on or about April 20, 2011 Plaintiff, Douglas Donnachie attempted to follow up on his request for written correspondence.

14. Plaintiff, Douglas Donnachie was told by an agent of Defendant, "It doesn't matter if we send you something in writing!"

15. Plaintiff, Douglas Donnachie attempted to request that Defendant cease contacting third parties regarding the alleged debt, but was told by Defendant's agent, "I've been in this business for ten years, we can do what we want!"

16. On April 21, 2011 Plaintiffs received an automated message on their home voicemail that stated Defendant was calling about case #S60026, and also states "we have determined that you are not returning our calls or responding to written communication, and therefore have no choice but to forward our client a decision on your behalf."

17. At the time of the voicemail Plaintiffs had not yet received any written communication, yet they made every attempt to return Defendant's phone calls and have actually spoken with an agent of Defendant as a result of a return phone call.

18. Defendant's automated message attempts to create a false sense of urgency that a legal proceeding is impending, and in doing so, contradicts Plaintiff's right to dispute the validity of the alleged debt within thirty (30) days, upon eventual receipt of the Defendant's letter.

19. On April 25, 2011 Plaintiffs received a letter in the mail from Defendant. See a copy of the letter appended hereto and marked "**EXHIBIT A**".

20. Defendant's letter does not contain a proper, full thirty day validation notice as required by federal law, and as a result, Plaintiff is not properly advised of his right to dispute the validity of the debt within thirty (30) days of the receipt of this letter.

21. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its and its agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

22. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

23. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of Plaintiffs herein.

24. Plaintiffs have suffered and continue to suffer actual damages as a result of Defendant's unlawful conduct.

25. As a direct consequence of Defendant's acts, practices and conduct, Plaintiffs suffer and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

26.     Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I – FDCPA
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27.     The above paragraphs are hereby incorporated herein by reference.

28.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

29.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

| | |
|---|---|
| § 1692b(2): | Stated that the consumer owes any debt |
| § 1692c(b): | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| § 1692d: | Any conduct that natural consequence of which is to harass, oppress or abuse any person |
| § 1692d(2): | Profane language or other abusive language |
| § 1692e: | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| § 1692e(2): | Character, amount, or legal status of the alleged debt |

| | | |
|---|---|---|
| § 1692e(5): | Threaten to take any action that cannot legally be taken or that is not intended to be taken |
| § 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| § 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| § 1692g: | Failure to send the consumer a 30-day validation notice within five days of the initial communication |

**WHEREFORE**, Plaintiffs respectfully request that this court enter judgment in their favor and against Defendant, First Asset Recovery Group, LLC for the following:

a.  Actual damages;

b.  Statutory damages pursuant to 15 U.S.C. §1692k;

c.  Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d.  Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II

**VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT**
**(FCEUA, 73 Pa. C.S. § 2270.1 et seq.)**

30. Plaintiffs repeat, re-allege and incorporates by reference the foregoing paragraphs.

31. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

32. The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

33. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

34. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

35. Violations of the FDCPA are per se violations of the FCEUA and the UTPCPL.

36. As a direct and proximate result of the said actions, Plaintiffs have suffered financial harm.

37. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE**, Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d.  Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III

### VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

38. The foregoing paragraphs are incorporated herein by reference.

39. Plaintiffs and Defendant are "Persons" to 73 Pa. C.S § 201-2.

40. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

41. The action of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

a.  Defendant misrepresented to Plaintiffs the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

b.  Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

c.  Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

42. As a direct and proximate result of the said actions, Plaintiffs have suffered financial damages and other harm.

43. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. An Order declaring that Defendant violated the UTPCPL;

b. Actual damages;

c. Treble damages;

d. An award of reasonable attorney's fees and expenses and cost of suit; and

e. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

Respectfully submitted,

**WARREN & VULLINGS, LLP**

Date: April 28, 2011

BY: */s/ Brent F. Vullings*
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff